

FILED
Dec 17, 2021
01:00 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Jansi Chavez Santos ) | Docket No.    2021-06-0094 |
| ) | |
| v.    ) | State File No.  800048-2021 |
| ) | |
| Barry Hooper d/b/a Chick-Fil-A, et al.  ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers'  ) | |
| Compensation Claims  ) | |
| Joshua D. Baker, Judge  ) | |

---

## Affirmed and Remanded

In this interlocutory appeal, the employer filed a motion for sanctions pursuant to Rule 11 of the Tennessee Rules of Civil Procedure after the employee requested a second expedited hearing without presenting any additional evidence that would alter the outcome of the previous hearing. The trial court denied the motion for sanctions in a single sentence without addressing its reasons for denying the motion. The employer has appealed, asserting the trial court abused its discretion in declining to award sanctions and in failing to provide the reasons for its ruling. After a careful review of the record, we affirm the trial court's order and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge David F. Hensley joined.

Ashlee B. McGee and Gregory H. Fuller, Brentwood, Tennessee, for the employer-appellant, Barry Hooper d/b/a Chick-Fil-A

Jansi Chavez Santos, Antioch, Tennessee, employee-appellee, pro se

## Memorandum Opinion[1]

On December 7, 2020, Jansi Chavez Santos ("Employee") was employed by Barry Hooper d/b/a Chick-Fil-A ("Employer") and reported injuring his right hand. He was seen

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

the next day at Clinica Hispana La Paz, and the report of his visit indicated he complained of pain and numbness in his right hand, wrist, and middle finger, with an "onset 2 ½ months ago." He was provided with a splint and advised not to work for five days.

During the expedited hearing, testimony was provided by Employee and Employer's kitchen manager, Egdolinda Ulloa. At the conclusion of the hearing, the trial court found Employee's testimony "was not credible concerning the timing or cause of his injury." The court relied, in part, upon text messages and medical records in which Employee provided "varying causes for his injury" as well as Employee's admission that he lied to Ms. Ulloa regarding how his injury occurred. The court issued an order denying benefits, and neither party appealed.

On the date the court's order denying benefits was issued, Employee filed copies of text messages along with other materials with the court. Additional filings were submitted by Employee, and he subsequently filed a second request for expedited hearing. In response, Employer filed an objection to Employee's request for a second expedited hearing and a motion for sanctions.

Thereafter, the trial court issued an order denying Employee's request for an expedited hearing and Employer's motion for sanctions. In doing so, the trial court noted that Employee "provided no new evidence to change the outcome" of his claim and concluded that additional medical records he submitted "do not contain a causation opinion and are from a nurse practitioner, whose opinion on causation is inadmissible." The court did not provide an explanation for its denial of Employer's motion for sanctions under Rule 11.03 of the Tennessee Rules of Civil Procedure. Employer has appealed.

On appeal, Employer asserts the trial court "failed to provide any reasoning or basis for denying Employer's Motion for Sanctions" and "merely stated that the motion was denied without any legal basis or reasoning provided per Tenn. Comp. R. & Regs. 0800-02-21-.18." In its brief on appeal, Employer claims the trial court abused its discretion because: (1) Employee's second request was presented with an improper purpose and needlessly increased the cost of litigation; (2) Employee attempted to bolster false statements regarding his mechanism of injury, including going back to at least one medical provider and asking the provider to change medical records reflecting when his symptoms began; (3) Employee's second request for an expedited hearing was frivolous; and (4) Employee's allegations and factual contentions lacked evidentiary support. Employer also contends the trial court abused its discretion by denying its motion "in a single sentence which provided absolutely no rationale for the trial court's decision." Finally, Employer asks that, if we decline to address the issue of sanctions, the case be remanded to the trial court with instructions for the court to provide an explanation for its denial.

A trial court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or

2

unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence. *State v. Ostein*, 293 S.W.3d 519, 526 (Tenn. 2009). Upon completing a thorough review of the evidence presented to date, we cannot conclude that the trial court abused its discretion by denying Employer's motion for sanctions.

Employer relies on Tenn. Comp. R. and Regs. 0800-02-21-.18(4), which provides, in relevant part, that "[t]he judge will prepare and issue an order reflecting the decision unless otherwise ordered." Employer advocates for "some basic explanation sufficient 'to reflect the decision' be included with the trial court's order." Under the limited circumstances presented, we conclude the order is sufficient to reflect the trial court's decision. In addition, Rule 11.03 of the Tennessee Rules of Civil Procedure provides, in part, that "[i]f, after notice and a reasonable opportunity to respond, the court determines that subdivision 11.02 has been violated, the court *may*, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision 11.02 or are responsible for the violation." Tenn. R. Civ. P. 11.03 (emphasis added). Put another way, the decision to impose sanctions is discretionary, regardless of whether the court has found a violation of subsection 11.02.

We note that Employee is self-represented in this appeal, as he was in the trial court. Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Yet, as explained by the Tennessee Court of Appeals:

> The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted). Following our review of the record on appeal, we cannot conclude that the trial court abused its discretion by denying Employer's motion for sanctions. Accordingly, the trial court's order is affirmed, and the case is remanded. Costs on appeal are taxed to Employer.

3



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Jansi Chavez Santos | ) | Docket No. 2021-06-0094 |
| | ) | |
| v. | ) | State File No. 800048-2021 |
| | ) | |
| Barry Hooper d/b/a Chick-Fil-A, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Joshua D. Baker, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 17th day of December, 2021.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Gregory H. Fuller<br>Ashley B. McGee | | | | X | ghfuller@mijs.com<br>abmcgee@mijs.com |
| Jansi Chavez Santos | | | | X | chavezjancy88@gmail.com |
| Joshua D. Baker, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov